UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

CHRISTINE BOJANOWSKI,

    Plaintiff

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

### COMPLAINT FOR DAMAGES

The Plaintiff, CHRISTINE BOJANOWSKI, hereby sues the Defendant and files this Complaint for Damages and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, CHRISTINE BOJANOWSKI, is sui juris and is a resident of Lake Mary, Florida.

3. **THE DEFENDANT**. The Defendant, CELEBRITY CRUISES, INC. (hereinafter referred to as CELEBRITY or Defendant or the cruise line), is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

1

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT**. The incident occurred on February 15, 2016.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel CELEBRITY *Summit*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred on Deck 11 at a ramp with exposed edges in the Revelations Lounge.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.**

At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

## COUNT I: NEGLIGENCE

10. The Plaintiff, CHRISTINE BOJANOWSKI, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 9, above.

11. This is an action for negligence. CELEBRITY has a duty of care under the circumstances to provide and otherwise maintain its ramps, stairs, floors, and passageways in a safe condition, especially the ramps, stairs, floors, and passageways inside the Revelations Lounge. The circumstances are that CELEBRITY owns and/or manages more than ten (10) cruise ships, including the CELEBRITY *Summit*. CELEBRITY maintains entertainment spaces such as lounges and restaurants on every one of its cruise ships. CELEBRITY knows that passengers visit these entertainment spaces often, including the CELEBRITY *Summit's* Revelations Lounge. For that reason, CELEBRITY knows that it must build, install, modify, and maintain the ramps, stairs, floors, and passageways in a safe condition due to the significant amount of passenger traffic. CELEBRITY also knows it must inspect the lounges, restaurants, and other entertainment spaces on a regular basis to identify and correct hazardous conditions. Therefore, CELEBRITY's duty of care includes constructing, inspecting, maintaining, and taking appropriate precautions to ensure its lounges do not contain unreasonably dangerous hazards either created by CELEBRITY or allowed to exist by CELEBRITY for an unreasonable length of time. If not, CELEBRITY knows from experience that passengers can and do get injured.

12. CELEBRITY knew or should have known of the dangerous, camouflaged, and concealed ramp in the Revelations Lounge on February 15, 2016 for several reasons. First, Carnival operates many entertainment spaces onboard the CELEBRITY *Summit* and its other

3

cruise ships. Therefore, CELEBRITY knows from experience that passengers may not be as familiar with the lighting, design, and layout of the lounges to the same degree as the cruise line and its crew members.  Second, CELEBRITY knows that the Revelations Lounge onboard CELEBRITY Summit combines dark carpeting, oftentimes dark lighting, and a significant amount of passenger foot traffic. Thus, CELEBRITY knows it must construct its lounges with areas wide enough for passengers to safely traverse, must provide full hand rails on its stairs and ramps, must provide side sloping on any and all ramps, and must provide strip lighting and/or bright colored tape to alert passengers to the presence of ramps and stairs. Third, CELEBRITY knows from prior similar incidents in this and in other lounges in general that dark carpeting, the failure to use strip lighting or bright colored/reflective tape, the lack of full length hand rails and side sloping on ramps, and/or poorly designed and installed ramps cause passengers to fall.  Fourth, CELEBRITY regularly inspects, repairs, and/or maintains the area of the Revelations Lounge where this incident occurred. CELEBRITY also makes use of other ramps in the Revelations Lounge which feature hand rails and walls which extend the full length of those ramps. From that experience, CELEBRITY knows of the dangerous condition of the subject ramp which caused the Plaintiff to trip and fall and knows that there are reasonable and safe alternative options. Fifth, CELEBRITY knows that the subject ramp presents a dangerous hazard because it features a "Watch Your Step" sign.  However, the Watch Your Step sign is featured in small print and is not well positioned to be seen by the Plaintiff or other passengers using the Revelations Lounge.

13. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

14. The Defendant had constructive knowledge of the dangerous condition by, inter alia,

4

(a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed in the Revelations Lounge and was apparent to any CELEBRITY employee passing by; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

15. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; (b) engaged in and was guilty of negligent methods of operations of this ramp; and/or (c) designed, created, constructed, modified, installed, and/or implemented the subject ramp. Therefore, no notice to the Defendant is required.

16. CELEBRITY breached its duty of care by failing to create a safe ramp for passenger use inside of the Revelations Lounge; by allowing the ramp to exist in an unsafe and hazardous condition for an unreasonable period of time; by allowing the ramp to be constructed and/or modified without proper strip lighting, side sloping, and proper hand rails; by failing to inspect and/or conduct proper and thorough inspections necessary to discover the hazardous condition of the ramp; by failing to correct, repair, and/or remedy the ramp so that it would be safe for passenger use; by failing to warn passengers to the presence of the ramp through warning signs, cones, bright-colored tape, and/or strip lighting; by failing to comply with recognized industry standards and codes on the construction and proper maintenance of the ramp including but not necessarily limited to state and federal law; by failing to comply with the cruise line's own standards and regulations for walkways, stairs, and/or ramps; by failing to block and/or cordon off the subject area; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain in or around the subject area which could cause incidents or injuries; and by failing to otherwise make safe the ramps and floors inside the Revelations Lounge on February 15, 2016.

17. These breaches of CELEBRITY's duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff.  On February 15, 2016, the Plaintiff was seated with friends inside the Revelations Lounge following an event organized by the cruise line. The Plaintiff stood up from her chair and began to walk to exit the lounge.  The Plaintiff approached a ramp placed in the lounge by CELEBRITY without strip lighting, bright-colored reflective tape, or side sloping.  Because CELEBRITY neglected to use side sloping and proper length hand rails, the side of the ramp featured an exposed and elevated lip protruding up from the floor. The dangerously protruding lip on the side of the ramp caught the Plaintiff's foot as she walked past it, which caused the Plaintiff to trip and fall.   The dangerous lip of CELEBRITY's ramp could not be seen by the Plaintiff nor any other reasonable passenger under the circumstances of this case.  This is because of a lack of strip lighting on the ramp and the similar blue colors of carpeting on the ramp itself and on the carpeting of the floor surrounding the ramp which disguised the presence of the dangerous lip section.  The short hand rails featured on the ramp also created an illusion of a much shorter ramp than existed in the Revelations Lounge.  The cruise line poorly positioned a "Watch Your Step" note in unreasonably small print and in a position where it could not be easily seen by a passenger walking in a similar direction to the Plaintiff.  The trip and fall caused the Plaintiff to suffer serious injuries including but not necessarily limited to a right humerus fracture, which required surgery, a right shoulder dislocation, and a left knee injury.

18. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical

impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey*
**John H. Hickey**, **Esq.** (FBN 305081)
hickey@hickeylawfirm.com
statecourtfilings@hickeylawfirm.com
**Christopher B. Smith, Esq.** (FBN 121925)
csmith@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*